ADAM LINDBERG,

       Plaintiff,

    v.                               Case No.: 26-668

HELLERMANNTYTON CORPORATION;
TAYLOR A. FRITZ;
BAILEY M. WAECHTER;
MORGAN N. KNIGGE,

       Defendants.

Plaintiff, Adam Lindberg, through his undersigned attorneys brings the following Complaint against Defendants, HellermannTyton Corporation, Taylor A. Fritz, Morgan N. Knigge, and Bailey M. Waechter:

## NATURE OF CASE

1. Plaintiff, Adam Lindberg ("Lindberg") alleges that his former employer, Defendant, HellermannTyton Corporation ("HellermannTyton") and its HR staff, Taylor A. Fritz, Morgan N. Knigge, and Bailey M. Waechter, violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, et. seq.] by interfering with his right to take FMLA leave and terminating his employment because he exercised his FMLA rights.

## JURISDICTION AND VENUE

2. Jurisdiction over Lindberg's claims under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601-2654] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. The proper federal venue for this action pursuant to 28 U.S.C. § 1391, is the Eastern District of Wisconsin where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Lindberg demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff, Lindberg is an adult citizen of Wisconsin, domiciled at 1114 McKinley Street, West Bend, WI 53090.

7. Defendant, HellermannTyton ("Hellermann"), is a foreign business corporation engaged in manufacturing, with its principal office located at 7930 N. Faulkner Road, Milwaukee, WI 53224.

8. Defendant, Taylor A. Fritz ("Fritz"), is an adult residing at 7660 N 44th St., Milwaukee, WI 53223.

9. Defendant, Morgan N. Knigge ("Knigge"), is an adult residing at 6640 W Barnard Ave., Apt. 101, Milwaukee, WI 53220.

10. Defendant, Bailey M. Waechter ("Waechter"), is an adult residing at 1129 N. Jackson St., Apt. 416, Milwaukee, WI 53202.

## OPERATIVE FACTS

11. Lindberg commenced employment with Hellermann as a process technician on or about January 16, 2025.

2

12.     Lindberg worked more than 1,250 hours during his last twelve months of employment with Hellermann.

13.     Lindberg was employed by Hellermann for more than 12 months as of January 19, 2026.

14.     On or around January 19, 2026, Lindberg requested and was granted FMLA leave for medical testing as a result of a serious health condition.

15.     Lindberg utilized FMLA beginning on January 19, 2026, through approximately February 3, 2026 due to medical testing for his serious health condition.

16.     Lindberg returned to work at Hellermann on or about February 4, 2026.

17.     On March 31, 2026, Lindberg's serious health condition caused him chest pain while working at Hellermann. Lindberg notified his lead, Joel, and his supervisor, Alberto Mendoza, that he needed to leave work due to chest pains.

18.     On March 31, 2026, Lindberg was advised by his doctor to receive inpatient medical treatment for his serious health condition.

19.     On April 1, 2026, Lindberg's normally scheduled day off, he notified Fritz, HR, at 12:46 p.m. that "[i]t looks like I will be taking another leave and using FMLA again. I still have the attached paperwork from last time. Is there anything else I will need to do?" Fritz responded, with copies to Knigge, HR, and Waechter, HR, "[f]or a new FMLA case I will need to send you new paperwork. Please provide your doctor with the updated FMLA paperwork attached. We will need your doctor to fill out the Medical Certification by the date listed. Once received, I will review."

20. On April 6, 2026, at 12:10 p.m., Lindberg notified Fritz that he was having the FMLA paperwork filled out and asked if he could take a photo and provide it by email. Fritz responded at 12:16 p.m., "[i]f that is the easiest way to get the paperwork to me, yes that is okay as long as it is completed in full with as much detail and signed by your doctor."

21. On April 6, 2026, at 3:49 p.m., Waechter, emailed Lindberg that his employment with Hellermann had been terminated for "No Call No Show".

22. Lindberg made repeated unsuccessful efforts to appeal the company's termination decision.

23. On April 7, 2026, Knigge, Hellermann, Fritz, and Waechter emailed Lindberg, "[f]or transparency, the decision was made because you had not been formally approved for FMLA, which means that the attendance policy still applies."

24. At all times relevant to this Complaint, Fritz, Knigge, and Waechter acted directly or indirectly, in the interest of Hellermann.

25. Lindberg had never received a negative performance review or discipline from Hellermann.

26. Hellermann, Fritz, Knigge, and Waechter took materially adverse actions against Lindberg by terminating his employment on April 6, 2026, because Lindberg exercised his protected rights under the FMLA.

27. Lindberg's protected conduct was a substantial or motivating factor in the decision by Hellermann, Fritz, Knigge, and Waechter to terminate his employment.

4

28. The materially adverse actions by Hellermann, Fritz, Knigge, and Waechter against Lindberg interfered with his FMLA rights.

29. The materially adverse actions by Hellermann, Fritz, Knigge, and Waechter caused Lindberg to suffer monetary losses.

**FIRST COUNT**
**FMLA INTERFERENCE § 2615(a)(1)**

30. As and for a first count, Lindberg re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

31. Hellermann, Fritz, Knigge, and Waechter deprived Lindberg of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, Hellermann was covered by the FMLA, Lindberg was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA leave, and Hellermann, Fritz, Knigge, and Waechter denied his FMLA benefits to which he was entitled.

32. The allegations more particularly described above regarding the intentional discriminatory practices of Hellermann, Fritz, Knigge, and Waechter, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

33. The allegations more particularly described above caused Lindberg wage loss, benefits loss, and expenses, all to his damage.

5

## SECOND COUNT
## FMLA RETALIATION § 2615(a)(2)

34.     As and for a second count, Lindberg re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

35.     Hellermann, Fritz, Knigge, and Waechter violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Lindberg's employment because of FMLA-protected activity.

36.     The allegations more particularly described above regarding the intentional discriminatory practices of Hellermann, Fritz, Knigge, and Waechter were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993 [29 U.S.C. § 2601, *et. seq.*].

37.     The allegations more particularly described above caused Lindberg wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE, Plaintiff, Adam Lindberg, demands relief as follows:

a)      Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

b)      The interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c)      Equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d)      A reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

6

e)       Reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f)       Costs of the action pursuant to 29 U.S.C. § 2617;

g)       An additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h)       Such other relief as the court deems just and equitable.

Dated this 16th day of April, 2026.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Nicholas O. Yurk, SBN:
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
 New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

7